**Castillo v Fresh Dining Concepts LLC**

2024 NY Slip Op 32657(U)

July 31, 2024

Supreme Court, New York County

Docket Number: Index No. 160985/2023

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. LYLE E. FRANK**         PART           **11M**

*Justice*

------------------------------------------------------------------------------X

ALISIA CASTILLO

                          Plaintiff,

                       - v -

FRESH DINING CONCEPTS LLC,

                          Defendant.

------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 160985/2023 |
| **MOTION DATE** | 03/01/2024 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20

were read on this motion to/for                         DISMISS              .

## Background

Plaintiff Alisia Castillo's complaint alleges she is a former "fast food employee" who was employed by Defendant Fresh Dining Concepts LLC for approximately 5 months.[1] Plaintiff alleges various employment abuses including that she was given uniform shirts to wear which did "not fall under the wash and wear exception" and therefore was "entitled to uniform maintenance pay"; she was "required…to work shifts spanning two calendar days and with less than 11 hours between the shifts ('clopening')" and was not paid a clopening premium; she was not paid for "days in which [she] was sick"; she worked "shifts that began and ended more than 10 hours apart in one day" without being paid the spread-of-hours premium "for every day in which the interval between their start and end times exceeded ten hours"; that "upon information and belief" her hours in the timekeeping system were "alter[ed] to reflect less time than she actually worked"; she was not provided with a "good faith estimate of hours, dates, times and

---

[1] The Court would like to thank the Court's Special Master Jason Lowe, Esq, as well as Frederick Jackson, for their assistance in this matter.

**160985/2023   CASTILLO, ALISIA vs. FRESH DINING CONCEPTS LLC**          **Page 1 of 4**
**Motion No.  001**

1 of 4

locations of her expected regular schedule"; she was not provided a written work schedule at least 14 days in advance; that "Defendant regularly changed [her] schedule at the last minute and failed to pay schedule change premiums"; and on occasion Defendant added time to her schedule without written consent.

Plaintiff filed this action on behalf of herself and a putative class she defines as "all other similarly situated nonexempt hourly paid employees of Defendant in the State of New York at any time during the period commencing six years prior to the filing of this action and continuing until such further date as the practices complained of are discontinued". Defendant filed a motion to dismiss for failure to state a cause of action.

**Analysis**

**Defendant's Motion to Dismiss the New York City Fair Workweek Law Claims**

Various claims asserted by Plaintiff fall under the New York City Fair Workweek Law. Defendant argues that these causes of action must be dismissed due to the fact that they seek penalties. CPLR § 901(b) provides: "[u]nless a statute creating or imposing a penalty . . . specifically authorizes the recovery thereof in a class action, an action to recover a penalty . . . created or imposed by statute may not be maintained as a class action." Neither party cited any cases that specifically analyze whether premiums pursuant to N.Y.C. Admin. Code § 20- 1221, §20-1222, or §20-1231 of the New York City Fair Workweek Law are considered penalties.

Nevertheless, a plaintiff can avoid application of CPLR § 901(b) by waiving the right to seek penalties (*see, e.g., Cox v Microsoft Corp.*, 8 AD3d 39, 40 [1st Dept 2004], *citing Ridge Meadows Homeowners' Assn., Inc. v Tara Dev. Co., Inc.*, 242 AD2d 947 [4th Dept 1997]). Waiver may occur either in the complaint itself or in the motion for class certification (*Chaney v Hermes of Paris, Inc.*, 2018 NY Slip Op 33255(U), *6 [Sup Ct, New York County 2018]

**160985/2023   CASTILLO, ALISIA vs. FRESH DINING CONCEPTS LLC**
**Motion No.  001**

**Page 2 of 4**

2 of 4

[Bransten, J.], *citing Borden v 400 E. 55th St. Assoc., L.P.*, 34 Misc3d 1202[A] [Sup Ct, New York County 2013] [Gische, J.]).

The New York City Fair Workweek Law causes of action seek actual damages as well as "premiums" prescribed by the N.Y.C. Administrative Code. Even if the premiums are penalties, the complaint specifically waives punitive and liquidated damages. Further "[o]nce Plaintiffs have had an opportunity to conduct discovery and develop a factual record, they may then decide whether to pursue class certification and waive certain remedies or to pursue those remedies" (*Chaney*, 2018 NY Slip Op 33255[U], *6). Therefore, the Court does not currently need to determine whether the premiums under New York City Fair Workweek Law are penalties and dismissal of those causes of action is thus not warranted at the current time.

**Defendant's Motion to Dismiss The Non- New York City Fair Workweek Law Claims**

There are various pleading issues raised by Defendant regarding Plaintiff's Non-New York City Fair Workweek Law claims including the following. Plaintiff's overtime wage claim fails to allege Plaintiff worked more than 40 hours a week. Similarly, Plaintiff's unpaid straight wage claim fails to allege the number of total hours worked per week, compared to the wages earned. Plaintiff's earned sick time act claim fails to allege how many days Plaintiff took off for sick time without being properly paid. Plaintiff's claim for uniform maintenance pay does not allege how many hours Plaintiff worked per week.

Plaintiff's claims therefore lack factual detail which could be grounds for dismissal. However, Plaintiff requested an opportunity to amend the complaint. Therefore, rather than dismiss the complaint, the Court grants Plaintiff an opportunity to file an amended complaint.

Accordingly, it is hereby

**160985/2023   CASTILLO, ALISIA vs. FRESH DINING CONCEPTS LLC**
**Motion No.  001**

**Page 3 of 4**

3 of 4

[* 3]

ORDERED that Plaintiff is given leave to file an amended complaint within 20 days of the filing of the notice of entry for this order; and it is further

ORDERED that in the event Plaintiff does not file an amended complaint within 20 days of the filing of the notice of entry of this order the first, fifth, and seventh causes action will be deemed dismissed; and is further

ORDERED that should plaintiff file an amended complaint, defendant shall have 30 days from the date of filing to either answer or otherwise respond to the amended complaint.

ADJUDGED that Defendant's motion to dismiss is otherwise denied.

20240731163608LFRANKCF2277F83DF94FFBAFD9978C649D1D86

| 7/31/2024 | | | | | |
|-----------|---|---|---|---|---|
| **DATE** | | | | **LYLE E. FRANK, J.S.C.** | |
| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**160985/2023   CASTILLO, ALISIA vs. FRESH DINING CONCEPTS LLC**
Motion No.  001

Page 4 of 4

[* 4]